Louise Meise, Respondent, *v.* John H. Doscher and Henry Newman, Appellants.

*Judgment for the amount admitted to be due in an answer — action against the maker and indorser of a promissory note.*

When the answer of the defendants, in an action brought upon a promissory note against the maker and indorser, admits that the maker is indebted to the plaintiff for a part of the amount of the note, and admits the indorsement, and the indorser's ordinary liability appears on the face of the pleadings, the court may, under section 511 of the Code of Civil Procedure, direct judgment against both the defendants for the sum so admitted to be due.

When, however, in such a case, the indorser's liability does not appear on the face of the pleadings (as, *e. g.*, when the plaintiff is the payee named in the note, and the complaint contains no allegation showing that the indorsement was intended to give credit therewith to the payee), a judgment can only be rendered, under said section 511, against the maker, and not against the indorser, for the amount admitted to be owing by the maker.

Appeal by the defendants, John H. Doscher and Henry Newman, from a judgment of the Supreme Court against the defendants, entered in the office of the clerk of the city and county of New York on the 8th day of February, 1893, upon an order made on that day at the New York Special Term, severing the action and directing judgment for an amount admitted to be due in the defendants' answer.

*J. H. Hull*, for the appellants.

*J. G. Flammer*, for the respondent.

Per Curiam :

This action was brought to recover against the defendant Doscher, as maker, and the defendant Newman, as indorser, of two promis-

sory notes. The defendants' answer admitted the making of the notes by Doscher, and their indorsement by Newman. It then alleged that Doscher, being indebted to the plaintiff in the sum of $2,386.05, was induced to sign and deliver the notes in question for $3,000, and then, as a further defense, that Doscher had paid to the plaintiff upon the note $1,922.86, and that he is now indebted to her thereon in the sum of $435.70 only.

Under this condition of the pleadings, the court was justified in directing the judgment appealed from as against Doscher.

Section 511 of the Code provides that "where the answer of the defendant, expressly or by not denying, admits a part of the plaintiff's claim to be just, the court, upon the plaintiff's motion may, in its discretion, order that the action be severed; that a judgment be entered for the plaintiff for the part so admitted; and, if the plaintiff so elects, that the action be continued, with like effect, as to the subsequent proceedings, as if it had been originally brought for the remainder of the claim."

Under the pleadings, therefore, the maker being indebted upon the notes in the amount stated in the answer, the indorser would ordinarily be liable to the plaintiff therefor, and, under section 511 above referred to, judgment might be directed against both the maker and the indorser.

But in the case at bar, it appears that the plaintiff was the payee of the note, and the presumption of law would be, without some allegation or evidence explaining the circumstances of the indorsement, that the indorser placed his name upon the paper, intending to be liable thereon subsequent to the payee. Therefore, there being no allegation in the complaint that the indorsement of the notes by the indorser was intended to give credit therewith to the payee, no liability against the indorser appeared upon the face of the pleadings.

The judgment and order should be reversed as to the defendant Newman, and affirmed as to the defendant Doscher, without costs to either party.

Present — VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ.

Judgment and order reversed as to the defendant Newman, and affirmed as to the defendant Doscher, without costs to either party.